LOBRANO, J.,
Dissents with reasons.
hi respectfully dissent from the majority’s opinion. I would affirm the March 15, 2013 judgment of the trial court declaring that the improvements in question located on three public properties owned by the Board of Commissioners of the Port of New Orleans (“Board”) along the Inner Harbor Navigation Canal in New Orleans are exempt from ad valorem taxation under La. Const. Article VII, Section 21(A). Article VII, Section 21(A) provides an exemption from ad valorem taxation for “public lands” and “other public property used for public purposes.” The Louisiana Supreme Court in Slay v. La. Energy & Power Auth., 473 So.2d 51 (La.1985), explained that the “language of the article is broad” and the “records of the 1973 Constitutional Convention establish that the framers regarded the exemption as being simply stated and self-explanatory.” Id. at 53.
In evaluating whether property is used for public purposes, “primarily the Legislature determines what is a public use, and when it has declared what may be so regulated, courts will not interfere except in clear cases of usurpation or abuse of authority.” [1] The Board is a political subdivision of the State of Louisiana, originally created by the Louisiana Legislature in Act 70 of 1896. Presently, the Board, pursuant to La. R.S. 34:21(A)(1), is statutorily required to “regulate the |2commerce and traffic of the port and harbor of New Orleans in such manner as may, in its judgment, be best for the maintenance and *828 development thereof.”[2] The Legislature has conferred broad authority and discretion upon the Board to maintain, develop, and promote the commerce and traffic of the port and harbor of New Orleans.
The undisputed material facts in this case reveal that the improvements in question (i.e., buildings, warehouses, sheds, wharves, and other facilities) are owned by the Board, leased to private commercial entities, and used by the lessees for warehousing, freight forwarding, and intermo-dal transportation services.[3] These specific activities serve a “public purpose” as dictated by the Legislature. The trial court properly held that the improvements are used for “public purposes” and are exempt from ad valorem taxation under La. Const. Article VII, Section 21(A).
Furthermore, I disagree with the majority’s opinion that additional discovery is necessary and that a hearing should be held on whether the specific activities conducted by the lessees serve a public purpose. The trial court properly concluded that additional non-party depositions would have no bearing on the legal dispute in this case. The fact that other private commercial entities in the area provide similar services on different properties does not change the public nature of the services supplied by the Board through its lessees. For these reasons, I dissent.

. Administrators of the Tulane Education Fund v. Bd. of Assessors, 38 La.Ann. 292, 297 (1886).

. See also La. R.S. § 34:21(A)(1); La. R.S. § 34:21(B)(1); La. R.S. § 34:45.

. One lease agreement provides that the "operations conducted on the Leased Premises shall contribute to the commerce of the Port of New Orleans” and that the lessee "shall use the Leased Premises solely for the purpose of storing, handling, sorting and shipping of international and domestic cargoes including lumber, paper products and general cargo and operations associated therewith.” Another lease agreement provides that "the operations conducted on the Leased Premises shall contribute to the domestic or foreign waterborne commerce of the Port of New Orleans” and that the lessee "shall use the Leased Premises solely for the purpose of marshaling trucks, intermodal containers and chassis.” The record shows that these activities described in the leases were undertaken by the lessees.